UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

EMILIO PINERO,
        Plaintiff,

vs.

MIAMI LODGINGS, L.L.C.
d/b/a SUPER 8 MOTEL, and
SUPER 8 WORLDWIDE, INC.
        Defendants.

Case No.: _____

## COMPLAINT

Plaintiff, EMILIO PINERO (hereinafter "Plaintiff"), by his undersigned counsel, hereby

files this Complaint and sues Defendants MIAMI LODGINGS, L.L.C. d/b/a SUPER 8 MOTEL

and SUPER 8 WORLDWIDE, INC. (hereinafter "Defendants"), for injunctive relief pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the

ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida

Building Code.

## JURISDICTION

**1.**      This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331

and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendant's

violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

## PARTIES

**2.**      Plaintiff, EMILIO PINERO, is a resident of Florida and currently lives in Miami,

Florida, and is *sui juris*. He is a qualified individual with disabilities under the ADA law. Mr.

Pinero is a double leg amputee from the knees down. Mr. Pinero owns his own vehicle and does

drive. He has visited the property, which forms the basis of this lawsuit and plan to return to the

property to avail himself of the goods and services offered to the public at the property, and to

determine whether the property has been made ADA compliant. His access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered therein was denied and/or limited because of these disabilities and will be denied and/or barriers to access and ADA violations which exist at the Facility, including but not limited, to those set forth in the Complaint.

3.      Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

4.      Defendant MIAMI LODGINGS, L.L.C. transacts business in the State of Florida and within this judicial district. Defendant is the owner of the property and the owner and/or operator of the motel known as SUPER 8 MOTEL, which is the subject of this action, located on or about 1202 N. Krome Ave., Florida City, FL 33034 (hereinafter "Facility").

5.      Defendant SUPER 8 WORLDWIDE, INC. is the owner of the Franchise of motels known as "Super 8" and maintains the website www.wyndhamhotels.com/super-8/florida-city-florida/super-8-by-wyndham-florida-city-homestead-everglades/overview      (the "Website").

6.      The Facility is in an area frequently traveled by Plaintiff.

7.      The Defendant's Facility is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

8.      In this instance, Mr. Pinero visited the Facility and encountered barriers to access at the Facility, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendant's ADA violations set forth herein.

9.      Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Facility and the actions or inactions described herein.

10.      All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

**COUNT I**
**VIOLATIONS OF THE AMERICANS WITH DISABILITES**
**ACT AND CLAIM FOR INJUNCTIVE RELIEF AT**
**DEFENDANT'S FACILITY**

11.      Mr. Pinero has attempted to and has, to the extent possible, accessed the facility, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict and/or limit his access to the facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

1.        Mr. Pinero intends to visit the facility again in the near future in order to utilize all

of the goods, services, facilities, privileges, advantages, and/or accommodations commonly

offered at the facility, but will be unable to do so because of his disability due to the physical

barriers to access, dangerous conditions and ADA violations that exist at the facility that restrict

and/or limit his access to the facility and/or accommodations offered therein, including those

barriers conditions and ADA violations more specifically set forth in this Complaint.

2.        Defendants have discriminated against Plaintiff and others with disabilities by

denying access to, and full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of the facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*,

and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv)

and will continue to discriminate against Plaintiff and others with disabilities unless and until

Defendants are compelled to remove all physical barriers that exist at the facility, including those

specifically set forth herein, and make the facility accessible to and usable by persons with

disabilities, including Plaintiff.

3.        Defendants have discriminated against Mr. Pinero by failing to comply with the

above requirements. A non-exclusive list of unlawful physical barriers, dangerous conditions and

ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to

access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of the Facility include:

Online Reservation System

      **i.** The on-line reservation system does not permit an individual with disabilities to reserve an accessible room absent actually calling a Super 8/Wyndham Agent at the listed phone numbers. However, prospective guests who are able–bodied have no such extra step and are fully able to complete their room reservations and transactions on-line at the web site absent calling a Super 8/Wyndham Agent,

    **ii.** The on-line reservation system does not permit an individual with disabilities to view, select and choose among the range of accessible guest rooms otherwise required to be provided and dispersed within the Premises, absent actually calling a Super 8/Wyndham Agent at the listed phone numbers. However, prospective guests who are able–bodied have no such extra step and are provided online options as to room class, pricing, availability, and are fully able to view the range of rooms and complete their room reservations and transactions on-line at the web site absent calling a Super 8/Wyndham Agent,

    **iii.** The on-line reservation system does not provide photos of the accessible rooms, nor of any accessible feature(s) contained therein,

Accessible Parking Space (at 1196 Building)

    **iv.** Accessible parking space does not have access aisle contrary to 2010 ADA Code §502.3,

    **v.** Accessible parking space is missing the sign that indicates the penalty for illegal use of the space, failing to maintain the sign due to a lack of maintenance, contrary to FAC §502.6,

    **vi.** Accessible parking space has a non-compliant width contrary to Florida Code § 502.2,

Accessible Route from Accessible Parking Space to Rooms (at 1196 Building)

    **vii.** Accessible parking spaces are in a location where users are compelled to walk or wheel behind parked vehicles and spaces contrary to Florida Code § 502.3,

    **viii.** Car wheelstop encroaches passage width contrary to 2010 ADA Code §403.5.1,

Rooms (at 1196 Building)

    **ix.** Permanent room identifying signage is mounted on the door leaf contrary to 2010 ADA Code §703.4.1,

Accessible Route to Pool Area

    **x.** Gate does not provide the required maneuvering clearance on the pull side of the door contrary to 2010 ADA Code §404.2.4,

    **xi.** Door does not provide a smooth surface or kick plate on the push side contrary to the 2010 ADA Code §404.2.10,

> **xii.** Ramp has a non-compliant surface slope contrary to the 2010 ADA Code §405.2,
>
> **xiii.** Ramp with a change in direction does not provide landing contrary to 2010 ADA Code §405.7.4,
>
> **xiv.** Ramp does not have the required handrails contrary to 2010 ADA Code §405.8,

Pool Area

> **xv.** Table inside the pool area does not provide the required knee clearance contrary to 2010 ADA Code §902.2,

BBQ Area

> **xvi.** Table by the BBQ Area does not provide the required knee clearance contrary to 2010 ADA Code §902.2,

Accessible Route to BBQ

> **xvii.** There is no sidewalk (accessible route) provided to BBQ contrary to ADA Code §402,

Accessible Route to BBQ Tables

> **xviii.** There is no sidewalk (accessible route) provided to the tables contrary to 2010 ADA Code §402,

Accessible Parking Space (at 1202 Building)

> **xix.** Accessible parking space does not have any access aisle contrary to 2010 ADA Code §502.3,
>
> **xx.** Accessible parking space is missing the sign that indicates the penalty for illegal use of the space due to lack of maintenance contrary to FAC §502.6,
>
> **xxi.** Accessible parking spaces is not outlined in blue or needs re-striping contrary to Florida Code §502.2,
>
> **xxii.** The 1 designated accessible parking space does not comply with the minimum number required contrary to 2010 ADA Code §208.2, and

Rooms (at 1202 Building)

> **xxiii.** Permanent room identifying signage is mounted on the door leaf contrary to 2010 ADA Code §703.4.1.

4.      The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the facility. Plaintiff requires an inspection of the facility in order to determine all of the discriminatory acts violating the ADA.

5.      Mr. Pinero has attempted to gain access to the facility, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the facility, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

6.      The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

7.      Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the facility, including those set forth herein.

8.       The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

9.      Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject facility to make it readily

accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff, EMILIO PINERO, respectfully requests that this Court enter judgment against Defendant, and in his favor, as follows:

a.  Permanent injunctive relief enjoining Defendants from continuing its intentionally discriminatory policies, practices and procedures, order Defendants to remove the architectural barriers to access and modify the subject Facility to make it accessible to and useable by individuals with disabilities to the extent required by the ADA;

b.  Permanent injunctive relief requiring Defendants to modify and maintain its on-line reservation system, providing accurate information for the Hotel and guestrooms, to make it accessible to and useable by individuals with disabilities to the extent required by the ADA;

c.  An award of reasonable attorneys' fees, costs, litigation expenses and other expenses associated with this action, in favor of Plaintiff; and

d.  Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

**COUNT II**
**VIOLATIONS OF THE AMERICANS WITH DISABILITES**
**ACT AND CLAIM FOR INJUNCTIVE RELIEF ON**
**DEFENDANT'S WEBSITE**

10.  On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards

addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

11.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

12.     On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party –
>
> > (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> >
> > (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or his accessibility needs;
> >
> > (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> >
> > (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

13.     In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A*.

14.     Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A*. Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A*. Labeling a guestroom as "accessible" or "ADA" is not sufficient.

15.     In addition, hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not. *28 C.F.R. Part 36, Appx. A*. Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

16.     For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A*.

17.     However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards. For example, if the door to the "accessible" room or bathroom is narrower than required, this information should be included (e.g., door to guest room measures 30 inches clear). [emphasis added]. *28 C.F.R. Part 36, Appx. A*.

18.     The Hotel is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Hotel is in a building constructed prior to the 1991 Standards.

19.     The Website (and all other online reservation platforms used by the Hotel) allow reservations for the Hotel to be taken online. The Defendant has control over information provided to the public about the Hotel through the Website and/or other online platforms.

20.     It is important to Plaintiff that any hotel at which he researches is accessible. Plaintiff frequently researches and assesses the accessible features and guestrooms of hotels online.

21.     The Website rooms page lists rooms, none of which hare listed as accessible, so Plaintiff is unable to reserve an accessible room via the Defendant's website.

**22.**     The Website homepage contains a section entitled "Accessible Amenities" on it's homepage, which lists these amenities as:

> "*Accessible Car Self-Park, Accessible Front Desk, Accessible Guest Room Doorways with 32" Clear Width, Accessible Pool, Accessible Public Entrance, Accessible Restaurant, Accessible Route to Guestrooms, Accessible Route to Accessible Parking, Accessible Route to Front Desk, Accessible Route to Pool, Accessible Route to Restaurant, Accessible Van Self-Park, Service Animals Welcome, Staff Trained in Service to Guests with Disabilities, TVs with Closed Captioning*"

**23.**     Contrary to the "Accessible Amenities" listed on Defendants' Website, Defendants' accessible parking, pool area, accessible route to pool area, and accessible route to accessible parking, are non-compliant, and therefore not accessible.

**24.**     The Hotel listed some (although much of it was false or inaccurate), but not all of the required accessibility information to meet the 2010 Standards, or alternatively (as applicable):

a) Whether the public entrance to the Hotel complies with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

b) Whether the registration desk at the Hotel complies with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

c) Whether restaurant or other food service areas at the Hotel comply with the 2010 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

d) Whether any parking facilities, lots, or other parking accommodations at the Hotel comply with the 2010 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

e) Whether the swimming pool (if any) complies with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**f)** Whether the business center complies with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**g)** Whether the meeting/ballroom areas comply with the 2010 Standards, and if not, the ways in which they do not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**h)** Whether the route from the public entrance to the registration desk is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**i)** Whether the route from the registration desk to the accessible rooms is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**j)** Whether the route from the public entrance to the business center is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**k)** Whether the route from the accessible guestrooms to the business center is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**l)** Whether the route from the public entrance to the pool (if any) is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**m)** Whether the route from the accessible guestrooms to the pool (if any) is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**n)** Whether the route from the public entrance to the fitness center is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**o)** Whether the route from the accessible guestrooms to the fitness center is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**p)** Whether the route from the public entrance to the restaurant or food service areas is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**q)** Whether the route from the accessible guestrooms to the restaurant or food service areas is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**r)** Whether the route from the public entrance to the conference/ballroom space is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**s)** Whether the route from the accessible guestrooms to the meeting/ballroom space is accessible in compliance with the 2010 Standards, and if not, the ways in which it does not comply, so that Plaintiff and others similarly situated can evaluate whether it is accessible to them;

**25.** This is not intended to be an exclusive list, and Plaintiff brings this action to remediate all violations of the ADAAG found to exist upon the Website, to remove all false information regarding accessibility from the Website, and upon all online reservation platforms used by the Hotel.

**26.** The Hotel also controls information published for the Website on other third-party websites which also take online reservations for the Hotel, including but not limited to: Booking.com, Hotels.com, and Expedia.com.

**27.** On Booking.com, the Hotel has a room type identified as "*King Room – Mobility Access/Non-Smoking*", however there is no accessibility information provided in the room description for this allegedly "accessible" room. The only information related to accessibility provided in Booking.com's "amenities" section for the Hotel is: "*Accessible Parking*".

**28.** On Hotels.com, the Hotel has a room type identified as "*Room, 1 King Bed, Accessible, Non Smoking (Mobility Accessible)*" however, there is no information provided in the room description for this allegedly "accessible" room.  Under the "At the motel" section for this

Hotel on Hotels.com, accessible amenities are listed as "*Accessible bathroom, In-room accessibility, Wheelchair-accessible parking, Wheelchair-accessible registration desk*".

29.     On Expedia.com, the Hotel has a room type identified as "*Room, 1 King Bed, Accessible, Non Smoking (Mobility Accessible)*" however, there is no information provided in the room description for this allegedly "accessible" room other that "*Access via exterior corridors*". Under the "Property amentities" section for this Hotel on Expedia.com, accessible amenities are listed as "*If you have requests for specific accessibility needs, please contact the property using the information on the reservation confirmation received after booking, Accessible bathroom (select rooms), In-room accessibility (select rooms), Wheelchair-accessible parking, Wheelchair-accessible registration desk, Wheelchair accessible (may have limitations)*".

30.     In addition to the list above, upon information and belief, Defendants do not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

31.     Plaintiff will visit the Website again upon the Defendants' compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features of the Hotel, learn about the accessible (and inaccessible) features of Hotel guestrooms, assess the extent to which the hotels meet each of his specific accessibility needs, and determine

whether he can reserve an accessible guestroom. If the Hotel is the most suited to his accessibility needs as compared to other suitable hotels reviewed online.

32.     Defendants have discriminated against Plaintiff and all other mobility-impaired individuals, by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above.

33.     Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

34.     Defendants will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

35.     Plaintiff is without an adequate remedy at law and are suffering irreparable harm, and Plaintiff reasonably anticipates that he will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein, and upon the Website (and other online reservation platforms, as applicable), and to maintain the Website (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

**36.** Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff, including an Order that compels Defendant to enact policies that are consistent with the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

**WHEREFORE,** Plaintiff, EMILIO PINERO, respectfully requests that this Court enter judgment against Defendant, and in his favor, as follows:

a. Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

b. Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any website through which it is offering online reservations for any hotel that it owns or operates, unless such website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

c. An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff; and

d. Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

s/ Glenn R. Goldstein<br>
Glenn R. Goldstein, Esq. (FBN: 55873)<br>
*Attorney for Plaintiff*<br>
Glenn R. Goldstein & Associates, PLLC<br>
1408 Brickell Bay Dr., Ste. 1008<br>
Miami, Florida 33131

T: 305.306.7674 | F: 305.400.0722
GGoldstein@G2Legal.net

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
   *Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
1825 NW Corporate Blvd., Ste. 110
Boca Raton, FL 33431
T: 561.571.0646 | F: 561.571.0647
WassenbergL@gmail.com